UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kathalina Habeck,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Southwest Credit Systems, L.P., d/b/a Southwest Credit, *a foreign limited partnership*,<br><br>　　　　Defendant. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Kathalina Habeck ("Habeck" or "Plaintiff") is a natural person residing in the County of Swift, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Southwest Credit Systems, L.P., d/b/a Southwest Credit ("SCS" or "Defendant") is a foreign limited partnership that operates as a debt collection

agency from an address of 4120 International Parkway, Suite 1100, Carrollton, Texas 75007. SCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation with an unknown creditor, which is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

8. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff sometime before May 2012.

9. On or about May 5, 2012, and continuing through September 2012, SCS left telephonic communications for Plaintiff in an attempt to collect a debt and in connection with the collection of a debt.

10. SCS failed to provide a meaningful disclosure when leaving the telephonic communications in violation of 15 U.S.C. § 1692d(6), and SCS failed to identity that telephonic communications were from a debt collector in violation of 15 U.S.C. § 1692e(11).

11. Specifically, SCS left the following telephonic communication for Plaintiff on about May 5, 2012:

> If this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now. Once again, if this is Kathalina Habeck, please press

     one now. If this is not Kathalina Habeck, please press two now.

     End of message.

12.  On or about May 15, 2012, SCS left the following telephonic communication for Plaintiff:

     Hello, this is a very important personal message for Kathalina Habeck.  If this is Kathalina Habeck, please press one now.  If this is not Kathalina Habeck, please press two now.  Once again, if this is Kathalina Habeck, please press one now.  If this is not Kathalina Habeck, please press two now.

     End of message.

13.  On or about May 23, 2012, SCS left the following telephonic communication for Plaintiff:

     This message is for Kathalina Habeck.  If this is Kathalina Habeck, please press one now.  If this is not Kathalina Habeck, please press two now.  Once again, if this is Kathalina Habeck, please press one now.  If this is not Kathalina Habeck, please press two now.

     End of message.

14.  On or about May 24, 2012, SCS left the following telephonic communication for Plaintiff:

     Hello, this is a very important personal message for Kathalina Habeck.  If this is Kathalina Habeck, please press one now.  If this is not Kathalina Habeck, please press two now.  Once again, if this is Kathalina Habeck, please press one now.  If this is not Kathalina Habeck, please press two now.  Once again, if this is Kathalina Habeck, please press one now.  If this is not Kathalina Habeck, please press two now.

> End of message.

15. On or about June 7, 2012, SCS left the following telephonic communication for Plaintiff:

> Please press two now. Once again, if this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now.
>
> End of message.

16. On or about June 8, 2012, SCS left the following telephonic communication for Plaintiff:

> Hello, this is a very important personal message for Kathalina Habeck. If this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now. Once again, if this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck please press two now.
>
> End of message.

17. On or about June 9, 2012, SCS left the following telephonic communication for Plaintiff:

> Hello, this is a very important personal message for Kathalina Habeck. If this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now. Once again, if this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now.
>
> End of message.

18. On or about June 27, 2012, CSC left the following telephonic communication for Plaintiff:

> Hello, this is a very important personal message for Kathalina Habeck. If this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now. Once again, if this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now.
>
> End of message.

19. On or about July 9, 2012, SCS left the following telephonic communication for Plaintiff:

> Hello, this is a very important personal message for Kathalina Habeck. If this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now. Once again, if this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now.
>
> End of message.

20. On or about September 18, 2012, SCS left the following telephonic communication for Plaintiff:

> This message is for Kathalina Habeck. If this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now. Once again, if this is Kathalina Habeck, please press one now. If this is not Kathalina Habeck, please press two now.
>
> End of message.

21. Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by SCS.

22. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of SCS's acts and omissions.

### *Respondeat Superior Liability*

23. The acts and omissions of Defendant's employees, who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, SCS.

24. The acts and omissions by Defendant's employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by SCS in collecting consumer debts.

25. By committing these acts and omissions against Plaintiff, Defendant's employees were motivated to benefit their principal, SCS.

26. Defendant SCS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

### **TRIAL BY JURY**

27. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

### **CAUSES OF ACTION**

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.**

28. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

29. The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

30. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

31. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

32. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;

- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial;

Dated:  February 7, 2013.                     **MARSO AND MICHELSON, P.A.**


By:  s/Patrick L. Hayes
 Patrick L. Hayes (0389869)
 William C. Michelson (129823)
 Attorneys for Plaintiff
 3101 Irving Avenue South
 Minneapolis, Minnesota 55408
 Telephone: 612-821-4817
 phayes@marsomichelson.com
 bmichelson@marsomichelson.com